Curia, per

O’Neall, J.
In this case, the jury having found the sale and delivery of Bob under the first contract, and that that contract was riot rescinded at the time he killed himself, and when another agreement was made for the sale of the surviving negroes, it follows that the plaintiff’s case must be sustained, if his counts in the declaration be sufficient, and are sustained by the proof. Indeed, this was conceded in the argument.
The first count in the declaration for the sale of Bob, and to be paid therefor by a note, may be regarded as special — and in support of it, perhaps, there would be difficulty in shewing the proof to be sufficient. Though certainly all the negroes were to be paid for by the notes of the defendant, and, that arrangement was so consummated, until, on the self-destruction of Bob, the defendant induced the plaintiff to surrender the notes, and take new notes for the survivors. If it were necessary to carefully examine this part of the case, it is possible that enough could be gathered from these circumstances to sustain it.
But it is not necessary to look to that count at all; .the second count is the general indebitatus count for the slave sold.
Mr. Chitty, (1 Plead. 346,) tells us that, “ to maintain a count for goods sold and delivered, it is essential that the goods should have been delivered to the defendant,” “ or that something equivalent to a delivery should have occurred.” Here the delivery has been established to the satisfaction of the jury, and hence the count is very well sustained.
It is no objection to say, that four negroes, including Bob, were sold, and that the sale of Bob is alone counted on. It was ¿ sale of each, and all. The others being paid, or satisfactorily settled for, all that remained was to inquire whether Bob was sold. The count charging the sale of him alone, is very well *586 supported by the evidence that he, with three others, were sold, and that his price, $450, was reserved when he killed himself.
The motion in arrest of judgment, for nonsuit, or new trial, is dismissed.
Evans, Frost, Withers and Whitner, JJ., concurred.

Motion dismissed.